Good morning, Your Honors. May it please the Court, my name is Elsa Martinez and I'm joined by Co-Counsel Mario Costa, Jr., and together we represent the petitioner Giovanni Castro. I'd like to reserve three minutes for rebuttal that my Co-Counsel will be addressing this panel. Mr. Castro is a 39-year-old native and citizen of Mexico who is an applicant for admission through an application that was filed on his behalf by his United States citizen spouse. The issues before this Court are twofold. Whether the record establishes that he has been convicted of an offense relating to a controlled substance, and if it is an offense relating to a controlled substance, whether or not he should still be accorded federal first offender treatment because his conviction for violation of California Health and Safety Code 11-352 was expunged. I'd like to address first the issues of the Health and Safety Code 11-352, which has been deemed to be an overly broad and divisible statute. It is our position that the record does not establish that he has been convicted of anything other than transportation or offer to transport. If that is the case, then this Court must hold that he has been convicted of an offense of solicitation. And as such, it is not a conviction relating to a controlled substance. And the proceedings should be remanded so that Mr. Castro can apply for adjustment of status through his approved I-130 petition. It has been held in Cordenado, Dudaso that solicitation to possess is not a deportable offense, as well as in Sandoval, Lua. Additionally, I would like to add that the charging papers alone that have been established under AMA-SANPESERRA and in this case would be insufficient to show that he's been convicted of anything other than transportation or offer to transport. Sotomayor, Exhibit 2 specifies transportation of cocaine. Why is that insufficient? Yes, Your Honor. The abstract judgment that the government submitted at Exhibit 2 specifically says transportation forward slash cocaine. This Court has held in AMA-SANPESERRA and other cases that that is insufficient to show that he pled to anything other than the generic statute. And an 11-352 is an analogous statute to an 11-379 or an 11-360. It's, in fact, verbatim the same statute other than the substance in question. So essentially, even under Sandoval, Lua, where the conviction there was an 11-366 excuse me, an 11-379, this Court held that the charging document and the abstract judgment in that case was insufficient to establish that the person had not been convicted of mere solicitation. And I think that's exactly what we have here. The government merely submitted that abstract judgment and a minute order printout, which only specifically cited to a code section, 11-352. Nothing more. However, Mr. Castor and our firm, through a motion to remand, did submit the complaint in the case. The complaint specifically says that he unlawfully transport and offered to transport and control substance. This is different from other cases where the complaint would say selling or offered to sell. I think that the complaint in this case does clarify that if Mr. Castor pledged to an 11-352 and the complaint, in count one of the complaint, specifically addresses unlawfully transport and offered to transport, the record doesn't support that he was convicted of anything other than solicitation. And as such, he would not be inadmissible. Ginsburg. Well, if you look at this indeterminate sentence report, I guess my first question is, how is it different from what we relied on in U.S. v. Snellenberger, which was a minute order? I believe that under Snellenberger, this is an admissible document. It is an abstract of judgment. It's a report of indeterminate sentence. However, it doesn't state anything other than code health and safety 11-352, and then crime trans, not even a complete word, slash cocaine. You're not contesting that trans is short for transport or transportation, are you? I'm not. Okay. But it is an admissible document. However, what we're arguing is that under Sandoval Lua, the alien has met his burden, that if the record is inconclusive and the record that the immigration judge reviewed specifically, it's essentially this report in a minute order that merely cites to the record that 11-352 is an overly encompassing and broad statute. Isn't it fairly clear that the complaint says transporting or operative transport cocaine, and in this document, which reflects, I guess, what he pled to, says transport cocaine. So doesn't that make it clear that it was for transporting cocaine, not simply possessing cocaine? Well, what we're arguing is that the complaint specifically states that he transported and offered a transport, which has been deemed to be the equivalent of a solicitation statute. If Mark Klein, Mr. Castro, specifically pled to 11-352, nothing in the record that establishes that he pled to anything other than generic statute, then he's met his burden and he wins. I guess I have another question, which is why you equate offering to transport cocaine to solicitation. Those are really two very different acts. Solicitation is I'd like you to transport something for me if you're willing. The other is I am offering to do the transporting, and those seem to be significant ly different. I think that Andrew Rivera-Sanchez in the statute in that was 11-360, which is the exact same statute in 11-352. Well, I don't want to, you know, you're telling me an answer that says, well, this number is like this number, which is like this case. I'm asking you as a matter of sort of logic or criminal law why those are not two very different acts. One is urging someone else to commit a crime if they are in the mood, and the other is actually saying, I'm prepared to commit a crime right now. I'm going to offer to take your cocaine from point A to point B and sell it to, you know, Jane Doe. And our position is that if he transported for personal use or if he offered to transport for personal use, that that is not a drug trafficking offense, and it's not necessarily an offense relating to a controlled substance. If an individual has a substance in his possession and he is in his vehicle or he begins to walk and gets stopped by the police, he will then enter into a plea to end a violation of 11-352. He's merely possessing for personal use, or he could have been offering to possess for personal use. Well, what if he goes up to someone and says, I need work. I'm soliciting your business. I've got a nice vehicle with lots of hidden compartments, and so I'm ready to go. I'm ready to transport cocaine for you. Is that soliciting? Yes, Your Honor. He's offering to transport. However, the record in this case specifically merely states that he pled to the health and safety 11-352. Is there anything? Do you have transfer at page 195 in front of you? This is part of the summary of his criminal history record. Yes, Your Honor. Yes. What difference, if any, does that page make to your argument? This was in fact submitted. Because there's no reference again to offering or? I know that the government did cite to this. This was actually offered by the petition. This is a commonly used document in immigration proceedings. This is the Department of Justice fingerprint result. And essentially they always list the statutes in this manner. And it specifically says health and safety, transport, slash, cell, narcotics, slash, controlled substance. It doesn't support the government's position that he pled to anything other than either transportation or offered a transport. This is simply a fingerprint result that we received from the California Department of Justice. You're saying that whenever there's a plea taken, they go in there and they make a deal and they plead the generic offense. And that when the clerk and the superior court prepares the minute order, that's routinely placed in the file, that transport slash cocaine. What I'm saying is that the Department of Justice always reports the violations in this manner. And it does list things slash something else in a Department of Justice printout. But what I'm trying to emphasize for the Court is that this Court has held that the charging document alone, there has to be something to establish a factual basis for his plea. And there was absolutely nothing submitted to show that Mr. Castro is inadmissible because he pled to a violation of an 11352 in this case. Your Honor, we did have a second point. Under an 11352 and under the abstract of judgment, it does say cocaine. However, the controlled substance, what we're arguing additionally, and my co-counsel can address this, is even if this Court finds that it is a conviction relating to a controlled substance, that it still, once expunged, he could be afforded a Federal first offender treatment. And I'd like to use the time for Mr. Acosta to address that. Well, I mean, cocaine is involved. Is he eligible for Federal first offender treatment? He would be, Your Honor. This is his only offense. It was expunged. He is otherwise eligible to adjust status under Section 245i. But isn't that only if it's simple possession or a less serious offense? And that is essentially our argument, that there has been cases that this Court has held the possession of paraphernalia being under the influence of simple possession once expunged. So in this case, we're arguing that if he's transporting for personal use, simply having a substance in his possession and being in movement or in motion, and that he's eligible for Federal first offender treatment. Is this the area that your co-counsel is going to argue? Yes, Your Honor. Okay. Why don't we let him argue it? Or do you want to do that on your own? We'll reserve it, actually. Okay. All right. Co-counsel. That's you. Good morning. May it please the Court, my name is Mario Cosa, Jr., and I'm co-counsel on behalf of the Petitioner. In regards to the question about Lujan Armendariz and what role it would play, if we look at the charging document, obviously the two separate actions that he was charged with was either the offer to transport or transport. The offer to transport aside, which we've already addressed as being a solicitation, California law specifically punishes transportation, but transportation for personal use. We cited a few cases. I believe there was one state case, Peoples v. Encefi, that does address what is transportation for personal use, which, like my co-counsel stated, could be walking, transporting on a bike or in a vehicle. The main thrust of this statute is trafficking in the normal sense. Even if you can point to one or two cases in which something less, I don't know, bad, for lack of a better word, was punished under this statute, its primary thrust is drug trafficking in the old-fashioned sense. With all due respect, I don't know if it would be proper to characterize in 11-352 as simply punishing acts of drug trafficking simply because the statute does prescribe conduct that can relate to simply personal use, and it also punishes solicitation. And I believe that the Ninth Circuit has made it clear that offenses such as transportation for personal use and offenses such as solicitation fall outside the purview of what would be categorically considered a drug trafficking offense. And our position is just simply that if the court was to agree that he was convicted of transportation for personal use, then because it's its only drug offense and the offense was for personal use, then there's no reason why it shouldn't be afforded equal treatment under Lujan Armendariz. Lujan Armendariz provided that an alien with one conviction for personal use who has that is entitled to have that offense eliminated for all purposes because had that same person been prosecuted under federal law, then the Federal First Offender Act would have applied and would have eliminated it for all purposes. There really is no reason why transportation for personal use should be considered a more egregious act than just simply personal use. And in addition, the court has made it clear that Lujan Armendariz does not only apply to simple acts of personal use, but also to what would be considered lesser included offenses, such as possession of drug paraphernalia. So if the court ---- But if it is, what evidence is there that that's what we have here? Well, see, I suppose that that is the catch, right? The evidence is what we submitted, but at the very least, the arguments that we're making, if they do hold true, would at a very minimum leave the record inconclusive. But they're quite speculative, it seems to me, in view of the fact that the document actually says trans for transporting cocaine, which isn't possessing, which isn't anything other than what it says in those words. That's the only actual evidence here. The rest is just speculative guessing. And I know it's a different issue, but it seems to me that the Supreme Court, in Duenas-Alvarez, has said, you know, don't guess if this is the main, you know, you need to know for sure whether a statute is really broader or not. And it seems to me that mostly in this instance, you're not providing us with evidence, but just guesses. Well, I think that what Gonzalez, if I may, what the Duenas case is referring to is whether or not there's a realistic probability that the statute will be enforced the way that the person is alleged. I know. It's a different issue. I realize that. But our position would be that the State case that we cited to, people being inspected, specifically is a State case that ---- It says that's possible. Exactly. But all it says is it's possible. It doesn't say anything about what happened here. But it still doesn't eliminate the possibility that this is what may have occurred here. And what we're trying to convey to the Court is that if Mr. Castro is successful in convincing the Court that the record of conviction is inconclusive as to whether or not he either participated in an act of trafficking or in an act that would be considered a crime relating to a controlled substance, then the way Sandoval Lua was decided, he's met his burden because by a preponderance of the evidence, he's been able to show that he wasn't convicted of a crime relating to a controlled substance. And I think that that was the crux of Sandoval Lua is that when you have an inconclusive record that's submitted and you've exhausted every available means to try to provide the Court with the conviction record in order to establish what exactly he pled guilty to, if at the end of the day it's still inconclusive, then the alien shouldn't be punished because of an inconclusive record of conviction. And instead, it should be considered that he's met his burden of proving by preponderance of the evidence that he's not inadmissible as charged. And then in this case, it would not be a crime relating to a controlled substance. And I understand that it's a stretch, but I don't believe that it's an unreasonable stretch to make, Your Honor, simply because there is a case law that supports our position. There are published Ninth Circuit cases, the State cases that we've cited to, that all support our argument that in 11-52, where it alleges an offer to transport, that an offer to transport is considered solicitation, and under Coronado Durazo, a decision from this Court, solicitation falls outside of what would be considered a crime relating to a controlled substance. If, in the alternative, he pled guilty to transportation for personal use, then I think that Lujan Armendariz should control the outcome, and it should be held that transportation for personal use is either the equivalent of simple possession or, at the very least, a lesser-included offense, which, notwithstanding, would still be entitled to the same Federal First Offender Act treatment. Thank you. All right. Thank you. May it please the Court. Zoe Heller on behalf of the Attorney General. Mr. Castro is statutorily ineligible for the sole relief he seeks adjusting the status based on two grounds found by the agency, one, that he was inadmissible because he entered this country without admission or parole, and two, because his 1994 conviction under California Health and Safety Code 11352A for transporting cocaine constituted a crime relating to a controlled substance. Up to here, the substance involved was cocaine, which would render him statutorily ineligible for a waiver and, thus, ineligible for adjustment of status. Should this Court find that either these two grounds, which we have argued, one in our motion and one of our briefs, is supported, then Mr. Castro's claims fail. First, I would just like to address what I feel here is almost a mixing of terms. Petitioner's counsel is arguing that the offer to transport, as listed in the criminal complaint in the charge, equals solicitation and, therefore, cannot be a crime relating to a controlled substance. The solicitation element, to the extent there is any, would go towards the finding that he had not been convicted of an aggravated felony, a charge here which the Department of Homeland Security did not charge him with. Again, he was charged with being inadmissible because he was convicted of a crime relating to a controlled substance. Therefore, whether or not he transported the cocaine, whether or not he offered to transport this cocaine, he would still be found convicted of a crime relating to a controlled substance. And here, Mr. Castro was, there is no question that cocaine was the controlled substance involved, that cocaine is a prohibited controlled substance under the Controlled Substance Act, as well as under California law. To the extent that Petitioner's counsel is arguing that because his conviction was expunged under the State Will of Rehabilitative Statute and that it could be considered that he just had simple possession, that's not supported by the case law. The Lujan case, as well as Federal First Defenders Act requires, in order to be eligible for that, it would have to be simple possession. Again, Mr. Castro's offered no evidence that he was convicted of a crime of simple possession of cocaine. In fact, those, a crime of possession is under a different California code. And also, to the extent he's arguing it's for personal use, again, let's not forget that it was 57 grams worth of cocaine, which is 2 ounces worth of cocaine. So I don't see how 2 ounces worth of cocaine would constitute just cocaine for personal use. That would render him eligible for this Federal First Defender Act relief. Where in the record does it say it was 57 grams? It's under the charging document where he pled to count one. I can go through here. I believe it's in the administrative record, if I refer you to page 21. Again, there's no dispute that he did plead guilty to count one. And if you look at that second paragraph, it does say that 57 grams worth of cocaine was involved. So again, he would not be eligible despite the fact that his conviction was expunged, which, of course, the government stands by its proposition that his conviction would still be admissible for immigration purposes. He also does not satisfy the element that his conviction was just for simple possession. Now turning to counsel's argument that here the agency or the government only relied on one document in finding that he was convicted of transporting cocaine. There were, in fact, five documents in this record before you that do evidence of fact that he was convicted of transporting cocaine. Again, I'll just reiterate that whether or not it was offering to transport or whether or not he did transport it, it's still a crime relating to a controlled substance. But again, there were five documents. And to the extent that Petitioner's counsel argues that an abstract of judgment here they're saying the report indeterminate sentence constitutes an abstract of judgment, this Court, and I apologize, I did not get a chance to 20HA this before coming out here, on January 27th in a case called Anaya Ortiz, again applied the same reasoning as this Court did in Schnellenberger and found that an abstract of judgment is permissible when applying the modified categorical approach to establish whether or not it's here an alien is convicted of a crime relating to a controlled substance. We'll give you a sticker that you can fill that citation out. Okay. And I have the case here if counsel would like, if this Court would like me to provide an actual copy of the decision. Again, my apologies for not bringing that to this Court's attention. And again, I would just point out that the cases relied upon by Petitioner here are meshing the issues between aggravated felony charge and a crime relating to a controlled substance. So they are readily distinguishable. The statute for which Mr. Castro was convicted of was for transporting cocaine. Cocaine is indisputably involved, and therefore on the face of the charge itself constitutes a crime relating to a controlled substance, which would render him inadmissible and therefore ineligible for adjustment of status. And should this Court have no further questions, again, we ask that the Court deny the petition for review based on the agency's two findings, that one, that he's inadmissible because he entered this country without admission or parole, which would render him inadmissible and ineligible for adjustment of status, and two, because his conviction for transporting cocaine under California Health and Safety Code 1135A is a crime relating to a controlled substance. Therefore, because Mr. Castro is statutorily – I'm sorry, because Mr. Castro is inadmissible to the United States, he therefore is statutory ineligible for adjustment of status. Do you agree we have jurisdiction to do that? Well, in our briefs, we do agree that the Court has jurisdiction to address the legal issue as presented in the briefs, which is whether or not Mr. Castro's conviction here constitutes a crime relating to a controlled substance. Again, of course, the government's position is that the Court defer to the agency's interpretation of the Immigration and Nationality Act, but to the extent this Court is interpreting any Federal or State law, this Court does have jurisdiction. Thank you very much. Thank you. I will give you a minute for rebuttal. Thank you for the opportunity to give rebuttal. Just briefly, on the issue of Mr. Castro being inadmissible for having entered without inspection, that's really a nonissue. The INA makes clear that under INA Section 245I, it is irrelevant whether or not the person entered without inspection. It still provides an exception so that that person can still seek adjustment of status. So the agency's finding in that regard really is irrelevant. In regards to some of the points made by government counsel, what was alleged there was a special allegation that there was, I believe, 57 grams of cocaine involved. Two responses to that. Number one, it was a multi-defendant indictment. So I don't think that it's fair to say that it was all 57 grams belonging to Mr. Castro. And I don't believe that this is speculation. It's clear that the complaint was against three separately named defendants. Secondly, my reading of Lujan Armendariz doesn't put a cap on an amount of drugs that can be considered too much to be for personal use. And lastly, I would point out that although the government is adamant that there is no case that supports our position, Coronado Durazo specifically held that the crime of solicitation is not a crime relating to a controlled substance. That case did not deal with the issue of whether or not solicitation is a drug trafficking offense, but it specifically dealt with the issue that we're presenting to the court here, which is that it does not relate to a controlled substance. The fact that there have been other Ninth Circuit cases that haven't necessarily dealt with that question probably has been because there are criminal cases where you're dealing with the sentencing enhancements, like U.S. v. Alma-San Becerra, U.S. v. Rivera-Sanchez. In those cases, it's irrelevant whether or not it relates to a controlled substance. What matters is whether or not it's an aggravated felony. But that still doesn't foreclose the argument that a finding of solicitation in this case would mean that the offense does not relate to a controlled substance pursuant to Coronado Durazo. And for those reasons, we beg the court to grant the petition and remand the case. Thank you. Thank you. That is submitted. We're going to take a brief recess at this time, and we'll be back. All rise for the recess.
judges: Pregerson, Graber, Wardlaw